IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI
NO. 2020-CP-00605-COA

**CHARLES LEE REYNOLDS A/K/A CHARLES REYNOLDS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2020 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHARLES LEE REYNOLDS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/04/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., GREENLEE AND WESTBROOKS, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Charles Reynolds pled guilty to capital murder in 1978 and was sentenced to life imprisonment. He was paroled in 2000, but his parole was revoked in 2002 after he tested positive for cocaine. In 2018, Reynolds filed a "Petition for Writ of Habeas Corpus/Motion to Vacate Revocation of Parole." Reynolds alleged that his parole revocation violated due process because he was not afforded a preliminary revocation hearing or written notice of his alleged parole violation. The circuit court denied Reynolds's petition, holding that the court lacked jurisdiction to review the Parole Board's decision and that Reynolds's petition was

filed outside the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. § 99-39-5(2) (Rev. 2020). On appeal, we reversed and remanded because the UPCCRA specifically grants circuit courts jurisdiction to hear claims that a prisoner's parole was unlawfully revoked and because such claims are excepted from the UPCCRA's statute of limitations. *Reynolds v. State*, 292 So. 3d 620, 622 (¶¶5-6) (Miss. Ct. App. 2020) (citing Miss. Code Ann. § 99-39-5(1)(h) & (2)(b)).

¶2. On remand, the circuit court reviewed the records of the Department of Corrections and the Parole Board pertaining to Reynolds's revocation. Those records show that Reynolds was afforded written notice of his alleged parole violation at the time of his detention, that he was afforded a preliminary hearing within eight days, and that the Parole Board held a final revocation hearing within two months. Accordingly, the circuit court found that Reynolds's claim was without merit and denied Reynolds's petition. Reynolds appealed.

¶3. The circuit court correctly ruled that Reynolds was afforded a preliminary hearing consistent with the requirements of due process.[1] Moreover, even the outright denial of a preliminary hearing is harmless error unless the parolee can show that he was prejudiced as a result. *Presley v. State*, 48 So. 3d 526, 529-30 (¶¶13-16) (Miss. 2010). Reynolds's petition fails to allege how he was prejudiced by the purported denial of a preliminary hearing.

---

[1] Reynolds's petition cites certain statutory timing requirements that did not apply to his parole revocation because they were not enacted until 2014. *See* 2014 Miss. Laws ch. 457, § 56 (H.B. 585). Due process requires a preliminary hearing "as promptly as convenient after arrest" and a final hearing "within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 485, 488 (1972) (stating that a "lapse of two months" between detention and a final hearing "would not appear to be unreasonable"). The timing of Reynolds's preliminary and final revocation hearings satisfied due process.

Accordingly, Reynolds's claim is entirely without merit.

¶4.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**